E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
MITCHELL M. SULIMAN (Cal. Bar No. 301879)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6026
     Facsimile: (951) 276-6202
     Email:    Mitchell.Suliman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 22-00271-SVW |
|---|---|
| Plaintiff, | UNITED STATES' SENTENCING POSITION AND RESPONSE TO PRESENTENCE REPORT FOR DEFENDANT MICHAEL ALLEN STARKWEATHER |
| v. | |
| MICHAEL ALLEN STARKWEATHER, | Sentencing Date: July 17, 2023 |
| Defendant. | Sentencing Time: 11:00 a.m.<br>Location:   Ctrm. of the Hon.<br>            Stephen V. Wilson |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Mitchell Suliman, hereby files its Sentencing Position and Response to Presentence Report for Defendant MICHAEL ALLEN STARKWEATHER.

///

This Sentencing Position is based on the attached memorandum of points and authorities; the files and records in this case, including the United States Probation and Pretrial Services Office's Recommendation Letter and Presentence Investigation Report; and such further evidence and argument as the Court may permit.  The United States respectfully requests the opportunity to supplement this position and respond to defendant and the Probation Office as may become necessary.

Dated: June 29, 2023              Respectfully submitted,

                                                E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

       /s/
MITCHELL M. SULIMAN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On October 15, 2022, in San Bernardino County, California, defendant Michael Allen Starkweather ("Defendant"), a felon, unlawfully possessed a pipe bomb, which was a destructive device and firearm defined in 26 U.S.C. §§ 5845(a)(8) and 5845(f)(1)(A). Law enforcement officers found the pipe bomb in defendant's room when conducting a safety sweep of the residence following a stabbing. Defendant was on post release community supervision at the time. Defendant has pleaded guilty to possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d).

On June 12, 2023, the United States Probation and Pretrial Services Office ("Probation") disclosed the Presentence Investigation Report (Dkt. 32, "PSR") and issued its Recommendation Letter (Dkt. 31, "RL"). The United States concurs with Probation's Sentencing Guidelines calculations, which found that the Total Offense Level is 21 and defendant is designated in Criminal History Category VI, with a resulting Guidelines range of 77-96 months of imprisonment. (PSR ¶¶ 23-35, 55-57, 106.)

For the reasons set forth below, the United States respectfully requests, consistent with Probation's recommendation, that the Court impose the following sentence: (1) 87 months' imprisonment, (2) three years of supervised release, and (3) a $100 mandatory special assessment. A sentence of 87 months' imprisonment is necessary to reflect the seriousness of the offense, afford appropriate deterrence, and protect defendant's community and the greater public, among other things.

**II.   STATEMENT OF FACTS**

On April 24, 2023, defendant pled guilty to the single-count Indictment, and admitted to the following facts under oath, consistent with the Plea Agreement.  (Dkt. 28 ¶ 11; see PSR ¶¶ 12-19; 36-39.)

On October 15, 2022, San Bernardino Police Department officers were dispatched to a residence in San Bernardino County, within the Central District of California, for a reported stabbing.  The officers conducted a safety sweep of the residence.  During the safety sweep, the officers encountered defendant, who was on post release community supervision and had a pending hold for violations. Law enforcement searched defendant's room and discovered a galvanized steel pipe that was modified into an explosive pipe bomb.  Defendant admitted under Miranda that the pipe bomb was his.  The pipe bomb is both a firearm and a destructive device as defined by 26 U.S.C. §§ 5845(a)(8) and (f) because it was an explosive or incendiary bomb. The device classifies as a destructive device which can be placed or thrown and is destructive in nature.  Furthermore, the device is capable of causing serious injury and/or death.  The defendant knowingly possessed this pipe bomb and was aware that the device was a pipe bomb.  The destructive device was not registered to the defendant in the National Firearms Registration and Transfer Record.

Additionally, on or about October 7, 2021,[1] in San Bernardino County, within the Central District of California, defendant was found unlawfully possessing mail matter, identification documents,

---

[1] The Pre-trial Services Report and Recommendation Letter erroneously states that this conduct occurred eight days prior the instant offense. (see PSR ¶ 36; RL 5). However, this offense occurred approximately one year before the instant offense.

2

medical records, benefits/debit cards, and checks made payable to or belonging to 36 individuals or entities, other than defendant. Defendant also unlawfully possessed two postal arrow keys. Furthermore, defendant possessed US Bank records, showing that he had deposited a $2,400 check from an individual, whose initials are J.R. The check listed defendant as the payee, even though J.R. did not authorize any such payment to defendant.

### III. THE PRESENTENCE INVESTIGATION REPORT

#### A. Offense Level Calculation

In the PSR, the Probation Officer concluded that the Total Offense Level is 21. The Probation Officer calculated the offense level as follows:

| | | |
|---|---|---|
| Base Offense Level: | 22 | U.S.S.G. § 2K2.1(a)(3) |
| Specific Offense Characteristics | +2 | U.S.S.G. § 2K2.1(b)(3)(B) |
| Acceptance of Responsibility | -3 | U.S.S.G. §§ 3E1.1(a), (b) |
| **Total Offense Level** | **21** | |

(PSR ¶¶ 24-35.)

#### B. Criminal History Category Calculation

In the PSR, the Probation Officer concluded that defendant is in Criminal History Category VI because defendant has 25 criminal history points. (PSR ¶¶ 55-57.)

#### C. Probation's Recommended Sentence

A Total Offense Level of 21 and Criminal History Category VI produce an advisory Sentencing Guidelines imprisonment range of 77 to 96 months of imprisonment. (PSR ¶ 106.)

Probation recommends that the Court sentence defendant to (1) 87 months in custody, (2) three years of supervised release, and (3) a $100 mandatory special assessment. (RL 1-2.)

## IV. THE UNITED STATES' POSITION ON THE PRESENTENCE REPORT

The United States concurs with the Total Offense Level and Criminal History Calculations in the PSR. It has no factual or legal objections and concurs with Probation's recommended sentence.

## V. THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS

### A. Nature, Circumstances, and Seriousness of the Offense

Defendant's criminal conduct is serious. Defendant possessed an unregistered firearm/destructive device, namely, a pipe bomb. Further, law enforcement officers found defendant's destructive device during a safety sweep of a residence in response to a reported stabbing. (PSR ¶ 12.) This offense occurred when defendant was under post-release supervision for a previous felony conviction and after defendant had already sustained multiple prior convictions related to firearms. (PSR ¶ 13, RL 5.) Defendant's possession of a destructive device in this instant case is not the first time. (PSR ¶ 47.) In 2006, the San Bernardino Sherriff's Department officers were dispatched to a report of a possible explosion of firearms at an apartment. Defendant, at the age of 22, was observed running through the residence with a shotgun. (PSR ¶ 47.) During a search of defendant's bedroom, officers recovered a 12-guage shotgun, methamphetamine, a methamphetamine pipe, a shotgun shell, fireworks with the powder removed, and an expended pipe bomb. (PSR ¶ 47.)

Approximately one year prior to this instant offense, defendant was found to be in possession of unlawful mail matter, identification

4

documents, medical records, benefits and debit cards, and checks made payable to or belonging to 36 individuals or entities, other than defendant. (PSR ¶ 37.) Defendant also unlawfully possessed two postal arrow keys. (PSR ¶ 37.) Furthermore, defendant deposited stolen checks from at least two different individuals, J.R. and J.A. (PSR ¶ 38.) A sentence that includes significant time in custody is necessary due to the recidivist nature of defendant's crimes and to promote respect for the law.

### B. History and Characteristics

Defendant's criminal history began in 2004 when he was 19 years old. Since then, he has sustained thirteen adult convictions to include nine felony convictions for possession of controlled substances, possession of a firearm by a felon, evading a peace officer, firearm access violation, and vehicle theft. (PSR ¶¶ 42-54, RL 4.)

There are some mitigating factors in this case. Defendant's parents separated when he was four years old. (PSR ¶ 76.) As a child, defendant was diagnosed with ADHD, which contributed to defendant getting into trouble in school and at home. (PSR ¶ 77.) At the age of 13, defendant's father passed away suddenly due to an automobile accident. (PSR ¶ 78.) His father's death affected him greatly, and defendant resorted to drug use. (PSR ¶ 78.)

Balancing mitigating factors with aggravating factors present favors a Guidelines sentence of 87 months' imprisonment followed by a three-year term of supervised release.

### C. Unwarranted Disparities Can be Avoided by Imposing a Sentence within the Guideline Range

The Court should minimize sentencing disparities among similarly situated defendants. 18 U.S.C. § 3553(a)(6). One way courts ensure consistent sentences for similarly situated defendants across the country is by applying the Guidelines uniformly. *See United States v. Treadwell*, 593 F.3d 990, 1011 (9th Cir. 2010) ("Because the Guidelines range was correctly calculated, the district court was entitled to rely on the Guidelines range in determining that there was no 'unwarranted disparity' . . . ."); *see also Gall v. United States*, 552 U.S. 38, 54 (2007) ("[A]voidance of unwarranted disparities was clearly considered by the Sentencing Commission when setting the Sentencing Guidelines ranges."). A Guidelines-range sentence is reasonable even where a defendant has endured challenges in life or has struggled with substance abuse. *United States v. Carter*, 560 F.3d 1107, 1121-22 (9th Cir. 2009) (finding the imposition of a within-Guidelines sentence reasonable despite defendant's youth, prior non-violent criminal history, and difficult childhood because nothing about those circumstances placed the defendant outside the heartland of similar characteristics and circumstances contemplated by the Guidelines); *United States v. Stoterau*, 524 F.3d 988, 1001-02 (9th Cir. 2008) (finding the imposition of within-Guidelines sentence reasonable because abuse defendant "suffered as a child, his mental health issues, and his life-long struggle with methamphetamine addiction" did not constitute special circumstances compelling a downward variance). Thus, a Guidelines-range sentence of 87 months' imprisonment is appropriate here where Defendant does not fall outside the "'minerun of roughly

6

similar cases' considered by the Sentencing Commission in formulating the Guidelines."  *Carter*, 560 F.3d at 1121-22.

**VI.   CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court sentence defendant to 87 months' imprisonment followed by a three-year term of supervised release, and with a mandatory $100 special assessment.

# CERTIFICATE OF SERVICE

I, **REBECCA EVANS,** declare:

That I am a citizen of the United States and resident or employed in Riverside County, California; that my business address is the Office of United States Attorney, 3403 Tenth Street, Suite 200, Riverside, CA 92501; that I am over the age of eighteen years, and am not a party to the above-entitled action; That I am employed by the United States Attorney for the Central District of California who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT MICHAEL ALLEN STARKWEATHER**

[ ] Placed in a closed envelope, for collection and interoffice delivery addressed as follows:

[ ] Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

[ ] By hand-delivery addressed as follows:

[ X ] By electronic mail as follows:

**USPO Kim Cassulo**
**United States Probation Office**
Kim_Cassulo @cacp.uscourts.gov

This Certificate is executed on **June 29, 2023**, in Riverside, California. I certify under penalty of perjury that the foregoing is true and correct.

_____/S/_____
**REBECCA EVANS**